United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                                Case No. 16-13293-sr
Lillian L. Hentz                                                      Chapter 13
    Debtor

# CERTIFICATE OF NOTICE

District/off: 0313-2    User: PaulP            Page 1 of 1              Date Rcvd: Jan 12, 2017
                       Form ID: pdf900         Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Jan 14, 2017.
db          +Lillian L. Hentz,   4800 N. 13th Street,   Philadelphia, PA 19141-3427

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                              TOTAL: 0

    ***** BYPASSED RECIPIENTS *****
NONE.                                                                                              TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jan 14, 2017                                  Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on January 12, 2017 at the address(es) listed below:
    FREDERICK L. REIGLE    ecfmail@fredreiglech13.com, ecf_frpa@trustee13.com
    JOHN L. MCCLAIN    on behalf of Debtor Lillian L. Hentz aaamcclain@aol.com, edpabankcourt@aol.com
    JOSHUA ISAAC GOLDMAN    on behalf of Creditor    NATIONSTAR MORTGAGE LLC bkgroup@kmllawgroup.com,
     bkgroup@kmllawgroup.com
    POLLY A. LANGDON    on behalf of Trustee FREDERICK L. REIGLE ecfmail@fredreiglech13.com,
     ecf_frpa@trustee13.com
    THOMAS I. PULEO    on behalf of Creditor    NATIONSTAR MORTGAGE LLC tpuleo@kmllawgroup.com,
     bkgroup@kmllawgroup.com
    United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
                                                                                      TOTAL: 6

JAN/10/2017/TUE 09:30    F Reigle Ch13Trustee    FAX No. 610 779 3637    P. 002

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Lillian Hentz<br>_Debtor_ | | CHAPTER 13 |
| Nationstar Mortgage, LLC<br>_Movant_<br>vs.<br>Lillian Hentz<br>_Debtor_<br>Frederick L. Reigle<br>_Trustee_ | | NO. 16-13293 SR<br><br>11 U.S.C. Section 362 |

### STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is $5,021.41, which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | August 2016 through December 2016 at $815.91 |
| Fees & Costs Relating to Motion: | $1026.00 |
| Suspense Balance: | $84.14 |
| Total Post-Petition Arrears | $5,021.41 |

2. The Debtor shall cure said arrearages in the following manner;

    a). Within seven (7) days of the filing of this Stipulation, Debtor shall file an Amended Chapter 13 Plan to include the post-petition arrears of $5,021.41 along with the pre-petition arrears;

    b). Movant shall file an Amended or Supplemental Proof of Claim to include the post-petition arrears of $5,021.41 along with the pre-petition arrears;

    c). The new 410A form for a Proof of Claim shall not be required for this Amended or Supplemental Proof of Claim;

    d). Maintenance of monthly mortgage payments that are subject to change under the Note to the Movant thereafter to the following address:

Nationstar Mortgage, LLC
Attn: Bankruptcy Department
P.O. BOX 619094
Dallas, TX 75261
877-343-5602

3. Should debtor provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

4. In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, the Movant shall notify Debtor and Debtor's attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay;

5. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

6. If the case is converted to Chapter 7, Movant shall file a Certification of Default with the court and the court shall enter an order7 granting Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date: December 2, 2016

By: /s/ Thomas I. Puleo, Esquire
Thomas I. Puleo, Esquire
Attorneys for Movant
KML Law Group, P.C.
Main Number: (215) 627-1322

Date: 12/12/16

John L. McClain / Mitchell J Prince
Attorney for Debtor

Approved by the Court this 12th day of January, 2017, However, the court retains discretion regarding entry of any further order.

Bankruptcy Judge
Stephen Raslavich

Date: 12/19/16

Frederick L. Reigle
Chapter 13 Trustee